UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK ANDERSON, | ) |
| Plaintiff, | ) |
| | ) No. 21-cv-944 |
| v. | ) |
| | ) Judge Marvin E. Aspen |
| DR. CATHERINE LARRY et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Mark Anderson, a Jewish inmate in the custody of the Illinois Department of Corrections ("IDOC"), alleges that he is allergic to the kosher meals that he is provided and that various defendants have not sufficiently responded to and accommodated this allergy. Before us is Anderson's motion for leave to file a Third Amended Complaint. (Plaintiff's Motion for Leave to File Third Amended Complaint ("Mot.") (Dkt. No. 85).)[1] For the following reasons, Anderson's motion is granted.

**BACKGROUND**

On February 18, 2021, Anderson initiated this lawsuit by filing a *pro se* Complaint. (Complaint ("Compl.") (Dkt. No. 1).) The Complaint named James Keller and Kathryn Buckley, among others, as defendants, but it did not name Wexford Health Sources, Inc. ("Wexford") as a defendant. (*Id.* at 1–3, 10.) We screened the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and allowed Anderson to proceed with certain claims. (Dkt. No. 8.) We also recruited counsel for Anderson. (*Id.* at 1.)

---

[1] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

On May 5, 2021, Anderson's recruited counsel filed an Amended Complaint. (Amended Complaint ("AC") (Dkt. No. 12).) The Amended Complaint named Keller, Buckley, Wexford, "Jane Doe A," and "Jane Doe B," among others, as defendants. (*Id.* ¶¶ 11, 12, 14, 17, 18.) The Amended Complaint alleged that Wexford, a corporation that contracts with IDOC to provide medical care and treatment to inmates, had been deliberately indifferent to Anderson's serious medical needs. (*Id.* ¶ 14 & Count IV.) The Amended Complaint also alleged that Dr. Conway, the Wexford representative "in charge of approving medical procedures" that were requested for inmates, failed to order an allergy test for Anderson. (*Id.* ¶¶ 16, 72–75.)

Anderson served Wexford on May 10. (Dkt. No. 13.) This meant that Wexford's answer to the Amended Complaint was due by June 1. (*See* Dkt. No. 18 ¶ 3 n.1.) But Wexford sought and received three extensions of time to answer or otherwise plead to the Amended Complaint, which ultimately gave it until July 29 to respond to the Amended Complaint. (Dkt. Nos. 18, 19, 26, 27, 29, 31.) On July 30, Wexford moved to dismiss the Amended Complaint, arguing that Anderson had failed to state a claim against Wexford under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978). (Dkt. No. 37; Dkt. No. 38 at 4.) Anderson opposed Wexford's motion, arguing that he stated a *Monell* claim because he alleged "that Dr. Conway is a decision-maker with policymaking authority for Wexford on the issue in this case, and that his decision caused the violation of Anderson's constitutional rights." (Dkt. No. 50 at 8.) This argument prompted Wexford's counsel to inform Anderson's counsel on August 31 that Dr. Conway was employed by IDOC, not Wexford. (Dkt. No. 58-1 at 2.)

On September 14, Anderson moved for leave to file a Second Amended Complaint *instanter* that (1) corrected the allegations regarding Dr. Conway; (2) added allegations regarding Wexford's liability based on facts he had subsequently discovered through record requests; and

(3) corrected "the misnomer of certain defendants." (Dkt. No. 58 ¶ 4.) We granted this motion (Dkt. No. 60), and Anderson filed his Second Amended Complaint. (Second Amended Complaint ("2AC") (Dkt. No. 61).) Like the Amended Complaint, the Second Amended Complaint names Keller, Buckley, Wexford, Jane Doe A, and Jane Doe B as defendants. (*Id.* ¶¶ 11, 12, 14, 17, 18.) After again requesting and receiving more time to respond, Wexford moved to dismiss Anderson's Second Amended Complaint. (Dkt. Nos. 67, 68, 71.) We ordered Anderson to respond by November 18 and Wexford to file its reply by December 7. (Dkt. No. 73.)

On November 9, the parties filed a joint status report in which Anderson indicated that he planned to dismiss Keller and Buckley without prejudice because he had been unable to locate and serve them with process. (Dkt. No. 75 at 2.) The following day, the Seventh Circuit issued a precedential opinion in *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214 (7th Cir. 2021). In *Dean*, an inmate had obtained a jury verdict finding that Wexford had been deliberately indifferent to his serious medical needs. 18 F.4th at 221. The Seventh Circuit reversed this verdict because the evidence was insufficient to hold Wexford liable under the requirements of *Monell*. *Id.* at 221–22, 234–41.

A week after *Dean* issued, Anderson filed the current motion for leave to amend under Federal Rule of Civil Procedure 15(a)(2). (Mot. at 1.) Through the filing of a Third Amended Complaint, Anderson seeks to (1) dismiss Wexford and the Jane Doe defendants from this case without prejudice in view of the Seventh Circuit's discussion of *Monell* liability in *Dean*; and (2) dismiss Keller and Buckley from this case without prejudice because he was unable to locate and serve them with process. (*Id.* ¶¶ 6–8, 10–14, 17, 18; *see also generally* Ex. A to Mot. (Dkt. No. 85-1) (redline version of proposed Third Amended Complaint).) In light of Anderson's

motion, we stayed the parties' briefing on Wexford's motion to dismiss the Second Amended Complaint. (Dkt. No. 87.) We gave all the defendants an opportunity to respond to Anderson's motion (*id.*), but Wexford is the only defendant to do so. (*See* Wexford's Response in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint in Order to Secure a Dismissal of Wexford Without Prejudice ("Opp'n") (Dkt. No. 90).)

## LEGAL STANDARD

Under Rule 15(a)(2), a district court should freely allow a plaintiff to amend his complaint to dismiss defendants from a case unless there is a good reason to deny the amendment. Fed. R. Civ. P. 15(a)(2); *Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019); *Taylor v. Brown*, 787 F.3d 851, 857–58 (7th Cir. 2015). Good reasons for denying a requested amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002).

## ANALYSIS

No defendant, including Wexford, opposes Anderson's request to drop Keller, Buckley, Jane Doe A, and Jane Doe B from this case by way of amendment, so we grant this request without further discussion. The only issue we need to consider further is whether we should grant Anderson's request to drop Wexford from this case.

By moving under Rule 15(a)(2) to file a Third Amended Complaint that no longer names Wexford as a defendant, Anderson seeks to dismiss Wexford from this case without prejudice. (Mot. ¶ 10 ("The Court should permit dismissal of defendant Wexford without prejudice through

4

the Third Amended Complaint.").)  This is the typical result when a plaintiff amends his complaint to omit a previously named defendant.  *Gallegos v. United States*, No. 5:14-CV-136, 2020 WL 10936155, at *2 n.2 (S.D. Tex. Apr. 6, 2020) ("[D]ismissals via Rule 15(a) amendment are typically without prejudice."); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1107 (11th Cir. 2004) ("Unless the plaintiff's motion or the district court's order stipulates otherwise, a claim dropped through a Rule 15 amendment . . . is dismissed without prejudice.").  Wexford, however, wants to be dismissed from this case *with* prejudice.  (Opp'n ¶ 21.)  If we do not dismiss it with prejudice, Wexford continues, we should allow briefing on its pending motion to dismiss the Second Amended Complaint to proceed and rule on the motion's merits (*id.*), presumably so we can grant the motion and dismiss Wexford from this case with prejudice.  (*See* Wexford Health Sources, Inc.'s Memorandum of Law in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 72) at 13 (arguing that we should dismiss Anderson's *Monell* claim against Wexford with prejudice).)

      Rule 15(a)(2) and case law interpreting this rule govern our analysis.  *See Taylor*, 787 F.3d at 857–58 (explaining that Rule 15(a) is the proper vehicle for dropping parties).  We therefore have grouped Wexford's arguments based on the potential justifications for denying an amendment under Rule 15(a)(2) as set forth by the Supreme Court in *Foman*: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman*, 371 U.S. at 182, 83 S. Ct. at 230.  That said, Anderson's proposed amendment would dismiss Wexford from the case, so it is also similar to a request to voluntarily dismiss Anderson's "action" as it pertains to Wexford under Rule 41(a).  *See* Fed. R. Civ. P. 41(a); *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs.,*

5

*Inc.*, 7 F.4th 555, 559–60 & n.4 (7th Cir. 2021) (explaining that the parties' stipulation to dismiss a subset of defendants under Rule 41(a)(1)(ii) "dismissed the 'entire action' as it related to" these defendants); *In re Legal Xtranet, Inc.*, No. 11-51042-LMC, 2011 WL 3652756, at *8 (Bankr. W.D. Tex. Aug. 19, 2011) ("[N]umerous courts have recognized the similarity of Rule 15(a) and Rule 41(a), noting that they have essentially the same effect."); 8 James Wm. Moore et al., *Moore's Federal Practice*, § 41.13[6] (3d ed. 2021) ("Rule 41 overlaps with Rule 15(a) to the extent that a plaintiff can effectively amend the pleading by dismissing particular parties or claims from the action."). Moreover, the parties' dispute is not over whether Wexford should be dismissed from this case, but whether the dismissal should be with or without prejudice, which is an issue courts face when addressing a plaintiff's request for voluntary dismissal under Rule 41(a). *See Mallory v. Rush Univ. Med. Ctr.*, No. 18 C 4364, 2020 WL 6559155, at *3 (N.D. Ill. Nov. 9, 2020). Accordingly, we have also considered case law interpreting Rule 41(a) when appropriate.

## I. Undue Delay or Dilatory Motive

We address together whether Anderson unduly delayed or acted with a dilatory motive. Wexford argues that this case "has been pending for nearly one year" and that Anderson "has caused unnecessary delay and has exhibited lack of diligence in prosecuting the action . . . particularly as it relates to incorrectly identifying defendants and their employers, which materially impacted the *Monell* claims alleged against" Wexford. (Opp'n ¶¶ 18, 19.)

We are not persuaded. True, we are still at the pleading stage in a lawsuit that was filed in February 2021, but this is not the result of undue delay or lack of diligence on Anderson's part. Within two months of being appointed by us to represent Anderson, Anderson's counsel had twice consulted with Anderson, prepared a HIPAA release for medical records held by IDOC, reviewed documents within Anderson's possession, and filed an Amended Complaint that

6

synthesized the allegations and documents contained in Anderson's 85-page *pro se* complaint into a much more understandable pleading. (*See* Dkt. No. 11 at 2; *compare* Compl., *with* AC.) Although the Amended Complaint erroneously alleged that Dr. Conway was employed by Wexford, nothing suggests this error was caused by a lack of care or diligence. What is more, this error likely would have come to the forefront much earlier if Wexford had moved to dismiss the Amended Complaint by the original deadline. Instead, Wexford did not file its motion to dismiss until July 30, nearly two months later. (Dkt. Nos. 18, 19, 26, 27, 29, 31, 37.) After Wexford informed Anderson of the error regarding Dr. Conway on August 31—nearly four months after being served with the Amended Complaint—Anderson then promptly sought leave to file a Second Amended Complaint to correct the error. (*See* Dkt. No. 13; Dkt. No. 58; Dkt. No. 58-1 at 2.) As for Anderson's current motion to amend, he filed it within a week of *Dean*'s issuance, and only after exhausting his efforts to serve Keller and Buckley. (*See* Mot. ¶¶ 12, 18.) In short, nothing in this case indicates that Anderson's requested amendment stems from undue delay or a lack of diligence.

## II. Bad Faith

Wexford argues that Anderson has acted in bad faith. (Opp'n ¶¶ 23, 25.) According to Wexford, if Anderson had diligently investigated the matter at the outset, he would not have named Wexford as a defendant in the first place. (*Id.* ¶ 19.) Wexford also claims that Anderson's requested amendment is an attempt to delay or avoid Wexford's dismissal on the merits based on its pending motion to dismiss the Second Amended Complaint. (*Id.* ¶¶ 23, 24.) Anderson's request to now drop it from this case, Wexford continues, is an acknowledgement that Anderson "filed suit against Wexford without having a good faith basis to do so" and that Wexford's pending motion to dismiss has merit. (*Id.* ¶¶ 19, 23.)

7

These arguments are not well-taken. To start, the relevant question is whether Anderson has proposed the current amendment in bad faith, not whether he named Wexford as a defendant without conducting an adequate prefiling investigation. *See In re First Farmers Fin. Litig.*, No. 14-CV-7581, 2016 WL 212936, at *1, *5 (N.D. Ill. Jan. 19, 2016) ("[T]he appropriate question is whether [Plaintiff] made the *amendment* in bad faith—not simply whether [Plaintiff] has ever acted in bad faith in the course of the litigation." (emphasis in original)). If Wexford contends that Anderson's prefiling investigation was lacking, it should have timely sought relief under Rule 11, which it did not do. In any event, we do not see anything in the record suggesting that Anderson's counsel failed to conduct a proper prefiling investigation before naming Wexford as a defendant in the Amended Complaint.

As for the proposed amendment itself, Anderson represents that it is necessary because he can no longer maintain a *Monell* claim against Wexford based on the Seventh Circuit's decision in *Dean*. (Mot. ¶¶ 10–15.) We have no reason to question this representation, and Wexford provides no support for its attempts to attribute ulterior motives and meaning to Anderson's proposed amendment. Anderson's request to drop Wexford from the case in light of *Dean* simply has no bearing on whether Anderson properly named Wexford as a defendant in May 2021, six months before *Dean* issued. Nor does it bear on the merits of Wexford's pending motion to dismiss the Second Amended Complaint, which was also filed before *Dean* issued. Relatedly, Wexford assertion that it is "inevitable" that we will grant this motion and dismiss Wexford from this case on the merits (Opp'n ¶¶ 23, 24) is nothing more than speculation. *See United States v. Outboard Marine Corp.*, 789 F.2d 497, 498, 504 (7th Cir. 1986) (argument that a Rule 41(a)(2) dismissal should not have been without prejudice because the district court would have granted a motion to dismiss was "at best highly speculative and conjectural").

Far from evidencing bad faith, Anderson's request to dismiss Wexford in view of the Seventh Circuit's decision in *Dean* is precisely what a plaintiff should do when a binding decision arguably renders a claim no longer viable. We reject Wexford's bad faith argument.

### III.  Undue Prejudice

Wexford argues that it will be harmed if we allow Anderson to dismiss it without prejudice because Wexford has spent "significant time, effort and expense to defend [this case] for nearly a year," including the effort in briefing two motions to dismiss. (Opp'n ¶¶ 18–20.) Wexford also asserts that Anderson intends to use the discovery process to find something that would potentially allow him to bring Wexford back into the case six months from now. (*See id.* ¶¶ 20, 24, 25.)

These arguments are not persuasive either. For one thing, Wexford has not been defending this case for nearly a year. Anderson did not name Wexford as a defendant until May 5, 2021 (AC ¶ 14), and then Wexford spent the next two months seeking and receiving three extensions of time to respond to the Amended Complaint. (Dkt. Nos. 18, 19, 26, 27, 29, 31.) Wexford did not even begin to substantively defend itself in this Court until July 30, when it filed its first motion to dismiss. (*See* Dkt. Nos. 37, 38.)

Furthermore, although we do not doubt that Wexford spent time and money drafting the two motions to dismiss it filed, much more effort is necessary to justify dismissing Wexford with prejudice. A plaintiff who wants to voluntarily dismiss a defendant may be required to do so with prejudice when the defendant has engaged in extensive discovery or filed numerous pleadings and motions over several years to prepare the case for adjudication. *See, e.g.*, *Design Basics, LLC v. Heartland Builders of NWI, Inc.*, No. 2:18CV436-PPS, 2021 WL 3053280, at *2– 3 (N.D. Ind. July 19, 2021) (dismissing the case with prejudice under Rule 41(a)(2) where the litigation had been pending for two-and-a-half years, the parties had completed extensive and

9

lengthy discovery (including expert reports and depositions), and the parties had filed motions "supported by voluminous briefs and hundreds of pages of exhibits"); *Planet Ins. Co. v. Griffith*, 712 F. Supp. 659, 660–61 (N.D. Ill. 1989) (refusing to grant the plaintiff's Rule 41(a)(2) motion to dismiss the case without prejudice where the case was more than two years old and involved numerous pleadings and substantial discovery). Here, however, discovery has not yet started (Mot. ¶ 16), and the parties do not even have to exchange Rule 26(a)(1) disclosures until January 26, 2022 (Dkt. No. 84), more than a month from now. Drafting two Rule 12(b)(6) motions (and perhaps one reply brief)[2] also is not an unduly burdensome expenditure of effort in the context of federal litigation. Thus, Wexford's work in filing two motions to dismiss does not warrant a dismissal with prejudice. *See Bernstrom v. Convergent Healthcare Recoveries, Inc.*, No. 19-cv-1071, 2019 WL 2717765, at *1–2 (C.D. Ill. June 28, 2019) (granting the plaintiff's Rule 41(a)(2) motion to dismiss without prejudice where discovery had not started "and only a handful of motions [had] been filed"); *Collins v. Swift Transp. Co.*, 18 C 5365, 2019 WL 10248703, at *3 (N.D. Ill. May 7, 2019) (voluntary dismissal of the plaintiff's lawsuit without prejudice under Rule 41(a)(2) was appropriate where "although the parties ha[d] exchanged some discovery, [the] case [was] in a relatively early phase of litigation, and nothing suggest[ed] that Defendants [had] gone to great efforts and expense in participating in [the] litigation to date").

Nonetheless, Wexford's assertion that Anderson may attempt to bring it back into the case after conducting discovery is not unfounded. Anderson contends that if discovery shows "that other similarly-situated prisoners have been injured like [him,] then under the parties'

---

[2] Wexford did not file a reply brief in support of its first motion to dismiss because we stayed the filing of this brief after Anderson moved for leave to file the Second Amended Complaint. (*See* Dkt. No. 60.) But Anderson did not file this motion until September 14, the day before Wexford's reply brief was due (*see* Dkt. Nos. 39, 58), so it is likely that Wexford had already drafted most, if not all, of its reply brief by the time Anderson sought leave to amend.

proposed scheduling order, he should have until May 31, 2022 to add Wexford as a defendant and to re-allege [his *Monell*] claim." (Mot. ¶ 14.) But the mere possibility that Anderson may obtain discovery that gives him a basis to re-assert his *Monell* claim against Wexford, whether in this lawsuit or another lawsuit, does not justify dismissal with prejudice. *See Tyco Lab'ys, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) ("the mere prospect of a second lawsuit" does not constitute "plain legal prejudice" that would preclude the voluntary dismissal of a defendant); *Bernstrom*, 2019 WL 2717765, at *2 ("[T]he bare possibility of a second lawsuit regarding the same claim is not enough to constitute the plain legal prejudice needed to defeat a Motion to Dismiss Without Prejudice." (citing *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971))). If Anderson later seeks to add Wexford back into the case, we can address such a request *at that time*. We see no reason to deny Anderson's current request based on a future possibility that may never materialize.

**IV.     Repeated Failure to Cure Deficiencies**

Wexford argues that it should be dismissed with prejudice because despite being afforded multiple opportunities to cure the deficiencies contained in his pleadings, Anderson has failed to properly plead a cause of action under *Monell*. (Opp'n ¶¶ 18, 23.) This argument also falls flat. Anderson has used only one amendment to cure a pleading deficiency regarding Wexford—he filed the Second Amended Complaint to correct the Amended Complaint's erroneous allegation that Wexford employed Dr. Conway. In contrast, filing the Amended Complaint, which named Wexford as a defendant for the first time, was not an attempt to cure deficiencies regarding Wexford. We do not expect Anderson—an inmate who filed a complaint without legal counsel—to understand whether he should name Wexford as a defendant based on potential *Monell* liability. *Cf. Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653–54 (7th Cir. 2021) (noting "that it is difficult to make sense of the overall" doctrinal structure of *Monell*

11

liability and "recognizing the challenges that parties face in asserting and defending" *Monell* claims). Nor do we consider Anderson's request to drop Wexford from the case in the proposed Third Amended Complaint as an attempt to cure a pleading deficiency, as this request is motivated by a recent Seventh Circuit decision, not errors or omissions in the factual allegations contained in the Second Amended Complaint. This *Foman* justification does not help Wexford.

V.     **Futility of Amendment**

Finally, Wexford argues that the multiple complaints and motions to dismiss show that any attempt "to bring a viable *Monell* [claim] against [Wexford] would be futile," and that "there is no justifiable basis to allow Plaintiff a **fourth** opportunity to bring a *Monell* claim against [Wexford] six months from now." (Opp'n ¶ 25 (emphasis in original).) Once again, we find Wexford's argument unconvincing. The mere fact that multiple complaints and motions to dismiss have been filed does not say anything about whether Anderson may have a viable *Monell* claim against Wexford in the future. And, as already noted, if Anderson later seeks to amend his complaint to bring a *Monell* claim against Wexford, we will address such a request at that time.

\*     \*     \*

In sum, Wexford has not identified any good reason for us to dismiss it from this case with prejudice or to deny Anderson's request to amend so that we can rule on the merits of Wexford's pending motion to dismiss the Second Amended Complaint. We grant Anderson's request to dismiss Wexford without prejudice by filing a Third Amended Complaint that does not name Wexford as a defendant.

## CONCLUSION

For the foregoing reasons, we grant Anderson's motion for leave to file a Third Amended Complaint (Dkt. No. 85). Anderson shall file a non-redlined version of the proposed Third

Amended Complaint found at Docket No. 85-1 as a separate docket entry within seven days of this Opinion. It is so ordered.

                                                                                      _____
                                                                                      Honorable Marvin E. Aspen
                                                                                      United States District Judge

Dated: December 14, 2021